IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEVEN TERRY HILL, | ) | |
| | ) | Civil No. 00-598-JE |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAN HILL, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Steven Terry Hill
SID #4760535
777 Stanton Blvd.
Ontario, Oregon 97114-8335

Petitioner, *pro se*

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges his underlying state convictions on the grounds that his constitutional rights have been violated. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) should be DENIED.

## BACKGROUND

Petitioner was charged with committing numerous sex and drug crimes involving Pete Crooke, who was 17 years of age at the time of the offenses. The charges stemmed from multiple occasions in which petitioner gave Crooke marijuana and alcohol prior to engaging in sexual conduct with him. Among the charges brought in the indictment, petitioner faced four counts of Sodomy in the First Degree.

Under Oregon law, a person commits Sodomy in the First Degree when he has deviate sexual intercourse with a victim who is either: (a) subjected to forcible compulsion; (b) under 12 years of age; (c) under 16 and related to the perpetrator; or (d) "incapable of consent by reason of mental defect, mental incapacitation or physical helplessness." O.R.S. 163.375(1). Petitioner's Sodomy charges were predicated on the theory that Crooke was incapable of consenting to the sexual act because he was "mentally

incapacitated." An individual is "mentally incapacitated" if that person:

> is rendered incapable of appraising or controlling the conduct of the person at the time of the alleged offense because of the influence of a controlled or other intoxicating substance administered to the person without the consent of the person or because of any other act committed upon the person without the consent of the person.

O.R.S. 163.305(4).

At the beginning of trial, petitioner asked the court for leave to represent himself. The court granted petitioner's motion but allowed trial counsel, William Whitney, to remain present throughout the trial in an advisory capacity. At the close of the State's case, petitioner moved for a judgment of acquittal based on the insufficiency of the evidence to support the First Degree Sodomy charges. Specifically, petitioner asserted that Crooke had consented to the use of alcohol and marijuana, and thus was not "mentally incapacitated" as that term is defined in the statute. The court disagreed, finding that because Crooke was a minor, he did not have the capacity to consent to the ingestion of either alcohol or marijuana because it was not legal for him to do so. Trial Tr. Vol. VI 123-131.

Following a jury trial, on June 17, 1991, petitioner was convicted of four counts of Sodomy in the First Degree, and fifteen other counts stemming from his sexual misconduct and furnishing alcohol and marijuana to a minor. Whitney was resurrected as

3 - FINDINGS AND RECOMMENDATION

counsel at the end of the trial and renewed the motion for judgment of acquittal with respect to one of the Sodomy counts and the corresponding charge of Contributing to the Delinquency of a Minor. VIII Trial Tr. at 91-92. This motion was granted on the basis that the testimony did not support these two charges. Whitney continued to represent petitioner in all respects during the sentencing hearing, where petitioner was sentenced to consecutive prison terms totaling 219 months.

Petitioner properly filed a notice of appeal and was furnished with a court-appointed attorney, Steven Humber, to represent him. Humber timely filed an opening brief on petitioner's behalf. However, petitioner moved to dismiss Humber and strike the opening brief. The Oregon Court of Appeals granted petitioner's motion, and petitioner continued his direct appeal *pro se*. Respondent's Exh. 112. After receiving full briefing, the Oregon Court of Appeals affirmed the trial court's decision without opinion and the Oregon Supreme Court denied review. State v. Hill, 126 Or. App. 742, 871 P.2d 134 (1994), rev. denied 320 Or. 598, 891 P.2d 1 (1995).

Petitioner then filed a *pro se* petition for post-conviction relief which was later amended by a petition filed by appointed counsel. Respondent's Exh. 169. While petitioner was able to utilize the services of at least two post-conviction attorneys, he elected to file a 155-page *pro se* memorandum with the post-

4 - FINDINGS AND RECOMMENDATION

conviction trial court. The court denied relief on all claims. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court again denied review. Hill v. Baldwin, 161 Or. App. 128, 984 P.2d 958 (1999), rev. denied 330 Or. 363, 6 P.3d 1103 (2000).

Petitioner filed this federal habeas corpus petition *pro se*, alleging the following grounds for relief:

1. Petitioner was denied effective assistance of counsel when Whitney failed to:

   A) Learn of the nature of the charges;

   B) Advise petitioner of the potential penalties he faced;

   C) Object to the trial court's failure to advise petitioner of the charges and penalties petitioner faced before allowing petitioner to waive his right to counsel;

   D) Move the court for a new trial based on:

      1) an invalid waiver of his right to counsel, as well as the motion for acquittal;

      2) the introduction of evidence which was prejudicial;

      3) the trial court's decision to allow the jury to review unseen evidence; and

      4) petitioner's election not to testify "and the state not being able to show the jury phantom evidence the trial court had either suppressed or the state had not introduced."

2. Petitioner's due process rights were violated when the State convicted him on insufficient evidence;

5 - FINDINGS AND RECOMMENDATION

3. Petitioner was deprived of a fair trial when the prosecutor improperly mentioned petitioner's failure to testify; and

4. Petitioner was deprived of the effective assistance of appellate counsel when the Oregon Court of Appeals accepted an invalid waiver.

Respondent contends the court should deny relief on the petition because petitioner's claims are procedurally defaulted, the state court's rulings are entitled to deference and all claims lack merit.

## DISCUSSION

### I. Exhaustion and Procedural Default.

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A state prisoner has not fairly presented his federal claims to a state court unless he has referenced specific provisions of the federal constitution or statutes, or cited to federal case law. Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001).

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to

6 - FINDINGS AND RECOMMENDATION

comply with a state procedural rule, or failed to raise the claim at the state level at all. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Edwards v. Carpenter, 529 U.S. 446, 451 (2000). If a petitioner has procedurally defaulted on a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

A. **Ground One**.

Grounds 1(A), 1(B) and 1(C) all relate to trial counsel's alleged failure to provide petitioner with information sufficient to make his waiver of counsel valid. In his petition for post-conviction relief, petitioner failed to include any of these grounds for relief. See Respondent's Exh. 169. Instead, he raised his claims regarding the allegedly improper waiver of counsel as claims against the trial court. Accordingly, when petitioner presented these claims to the Oregon Court of Appeals as claims of ineffective assistance of counsel, they were presented in a context in which their merits would not be considered.[1] Petitioner also

---

[1] "No matter assigned as error will be considered on appeal unless it was preserved in the lower court." Oregon Rules of Appellate Procedure 5.45(2).

7 - FINDINGS AND RECOMMENDATION

failed to present these arguments to the Oregon Supreme Court. See Respondent's Exh. 196. Consequently, Grounds 1(A), 1(B) and 1(C) were not fairly presented to the Oregon courts.

Ground 1(D) and its subsections all relate to counsel's failure to move for a new trial. In his petition for post-conviction relief, petitioner did not allege that counsel failed to move for a new trial in any respect, but alleged that counsel erred when he failed to move "for acquittal when the evidence did not support the elements of the charge." Id at 6. The post-conviction court found that "[t]rial counsel adequately advised petitioner to move for a judgment of acquittal at the conclusion of the State's case, and petitioner did so." Respondent's Exh. 185 at 10. As set out in the Background of this opinion, it is clear that petitioner did make such a motion.

During his post-conviction appeal, petitioner changed his claim, arguing that counsel should have "move[d] for a new trial on the basis of insufficiency of the evidence to prove that petitioner committed sodomy." Respondent's Exh. 189 at 2. Petitioner later presented this same claim to the Oregon Supreme Court. Respondent's Exh. 196.[2] A motion for acquittal and a motion for a

---

[2] The court notes that petitioner's *pro se* memorandum supporting his petition for post-conviction relief did allege that counsel was constitutionally ineffective based on his failure to move for a mistrial. This claim was not presented in his petition for post-conviction review, and was based on alleged prosecutorial misconduct, not insufficiency of the evidence.

new trial are not equivalent. A motion for acquittal must be filed prior to a verdict. See O.R.S. 136.445 (not authorizing a trial court to grant a motion for judgment of acquittal after a jury verdict). By contrast, a motion for new trial must be filed after a verdict is returned. See O.R.C.P. 64(B) (authorizing a motion for new trial where there has been a trial by jury). Moreover, Motions for acquittal do not allow for retrial, thus they provide a separate remedy altogether. State v. Metcalfe, 328 Or. 309, 974 P.2d 1189 (1999).

In response to petitioner's newly-presented claim on direct appeal, the State argued that the Oregon Court of Appeals should not consider the new claim since it was not first presented to the post-conviction trial court. Because petitioner presented distinctly separate claims to the state courts, his claim he now brings before this court was never presented to the post-conviction trial court. Consequently, petitioner's Ground 1(D) claim was not properly preserved for appellate review and therefore remains unexhausted.

B.  **Ground Two**.

In Ground Two, petitioner contends that the trial court should have granted his motion for judgment of acquittal because the evidence was insufficient to sustain his First Degree Sodomy convictions, a claim which was required to be raised during direct

9 - FINDINGS AND RECOMMENDATION

review.³ Since petitioner's Ground Two claim was contained neither in his direct appeal pleadings, nor in any of his post-conviction filings, it remains unexhausted. See Respondent's Exhs. 137, 156 169, 170, 189, 191 and 196. Petitioner concedes that this claim is procedurally defaulted and explicitly withdraws it from the court's consideration.⁴ Reply (#55) at 5.

///

///

---

   ³ "When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under O.R.S. 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding." Oregon Revised Statute 138.560(2).

   ⁴ Although not before the court for its consideration, I disagree with the State's interpretation of the meaning of "consent" in O.R.S. 163.305(4), supra. The State argues, and the trial judge ruled, that because Crooke was a minor at the time of the offenses, he could not legally "consent" to the use of alcohol or drugs, thus he lacked the capacity to do so. I believe the "mentally incapacitated" aspect of the First Degree Sodomy statute is clearly intended to protect individuals who are unknowingly administered controlled substances by someone whose intent is to obtain consent to engage in a sexual act where such consent would not ordinarily be given. Here, Crooke, who chose to move in with petitioner subsequent to the first sodomy, testified that he had consented to the use of alcohol and marijuana on each occasion, never felt threatened and was always free to leave petitioner's house. Trial Tr. Vol. V at 60. These actions show that Crooke clearly consented to the use of alcohol and drugs. Extending the State's logic, even if Crooke were 40 years of age, he could not possibly "consent" to the use of marijuana because it would be illegal for him to do so irrespective of his age. This, in turn, would qualify him as a victim of First Degree Sodomy. I believe such a result to be inconsistent with the purpose of the First Degree Sodomy statute.

C. **Ground Three**.

Petitioner next alleges he was denied a fair trial when the prosecutor improperly commented on his election not to testify at trial. Respondent counters that petitioner did not raise this as a federal claim in the Oregon Court of Appeals during direct appeal, but first presented the federal nature of this claim in his petition for review to the Oregon Supreme Court. In his statement of the case before the Oregon Court of Appeals, petitioner sought "a review for fundamental fairness of a trial wherein, during state's case-in-chief, unfair prejudicial evidence lacking any probative value was introduced; and in rebuttle [sic] argument, wherein prosecutor lambastes appellant for exercising his Constitutional right not to testify." Respondent's Exh. 137 at 1.

Aside from petitioner's vague reference to "his Constitutional right not to testify," he cited a single Oregon case to support his claim. Petitioner claims that his claim is properly exhausted because his citation to State v. Lundbom, 96 Or. App. 458, 773 P.2d 11 (1989), federalized his claim. Specifically, petitioner notes that the court in Lundbom relied on the Fifth and Fourteenth Amendments to the U.S. Constitution. To the contrary, there is no discussion of federal law in the Lundbom decision.

"The law of [the Ninth Circuit] is plainly that a federal claim has not been exhausted in state court unless petitioner both raised the claim in state court and explicitly indicated then that

11 - FINDINGS AND RECOMMENDATION

the claim was a *federal* one--*regardless* of whether the petitioner was proceeding pro se." (emphasis in original) Lyons, 232 F.3d at 669. Because the only identifiable legal basis for petitioner's claim is Oregon's Lundbom decision, he failed to fairly present the federal nature of his third ground for relief to the Oregon Court of Appeals. Although petitioner did note the federal basis of his claim in his Petition for Review to the Oregon Supreme Court, such an argument was presented in a context in which its merits would not have been considered by the Oregon Supreme Court,[5] leaving petitioner's federal claim unexhausted.

D. **Ground Four**.

As Ground Four, petitioner claims that the Oregon Court of Appeals violated his constitutionally-protected right to counsel when it allowed him to proceed *pro se* during his direct appeal. Petitioner did not raise this claim in his Petition for Review during direct appeal. See Respondent's Exh. 156. Petitioner also failed to raise this claim in his post-conviction review proceedings. See Respondent's Exhs. 169, 170, 189, 191 and 196. Consequently, he failed to fairly present this issue to the Oregon courts.

---

[5] Unless otherwise limited, the questions before the Oregon Supreme Court "include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court." Oregon Rule of Appellate Procedure 9.20(2).

Because petitioner is no longer entitled to pursue his state remedies, his unexhausted claims are procedurally defaulted. Petitioner has neither demonstrated cause and prejudice, nor made a colorable showing of actual innocence sufficient to excuse any of the defaulted claims identified above. Although petitioner's grounds for relief are all procedurally defaulted, I have reviewed the merits of his claims. With the possible exception of his second ground for relief (withdrawn), I find his claims to be without merit.

## CONCLUSION

For the reasons identified above, I recommend that the Petition for Writ of Habeas Corpus (#2) be DENIED.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment of appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an

13 - FINDINGS AND RECOMMENDATION

order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 9 day of October, 2002.

/s/ John Jelderks
John Jelderks
United States Magistrate Judge