IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE HILL,                                              CV. 00-598-JE

        Petitioner,         SUPPLEMENT TO FINDINGS AND
                                                  RECOMMENDATION
  v.

JEAN HILL

        Respondent.

JELDERKS, Magistrate Judge.

On October 9, 2002, I issued a Findings and Recommendation ("F&R") in this 28 U.S.C. § 2254 habeas corpus action. Petitioner had initially presented the court with four grounds for relief, and subsequently withdrew his second ground for relief in his Reply memorandum. Reply (#55), p. 5; Objections to F&R (#78), p. 21 (reaffirming the withdrawal). The court determined that petitioner's remaining claims of constitutional error had been procedurally defaulted, and therefore recommended denying relief on the Petition.

In his objections to the court's F&R, petitioner asserted for the first time that his procedural default with respect to Grounds One, Three, and Four should be excused under the fundamental miscarriage of justice exception to procedural default. On July 20, 2005, the Honorable Anna J. Brown recommitted petitioner's case to me with instructions to make a formal recommendation on petitioner's claim that his default should be excused because he is actually innocent. For the reasons set forth below, petitioner's assertion of the fundamental miscarriage of justice exception to procedural default does not change the previous recommendation that the Petition should be denied.

## **DISCUSSION**

In <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. Actual innocence can be shown when a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." <u>Schlup</u>, 513 U.S. at 316. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."

Id. at 324; Downs v. Hoyt, 232 F.3d 1031, 1040 (9th Cir. 2000), cert. denied, 121 S.Ct. 1665 (2001).

In this case, petitioner offers a 1993 affidavit allegedly authored by Peter Crooke, the victim in this case, in which Crooke appears to recant his trial testimony.[1] Petitioner argues that the affidavit demonstrates his innocence, "thereby disabusing this Court of the notion that petitioner has made no colorable showing of actual innocence sufficient to excuse any of the defaulted claims." Objections to F&R (#78) p. 54.

Petitioner represents that he did not receive the Crooke affidavit until December of 2001. Respondent, however, contends that petitioner had a copy of the document during his post-conviction proceedings in 1996 and failed to exercise due diligence in presenting it to Oregon's courts for consideration. Consequently, respondent asks the court not to consider the affidavit because petitioner failed to exercise due diligence in his factual development in state court. Although the Ninth Circuit has recognized that petitioners attempting to prove actual innocence are required to "show some degree of due diligence" in their factual development,[2] the court need not decide whether

---

[1] The affidavit is typed, and petitioner testified during a post-conviction deposition that inmates named "Butch" and "Michael" typed the affidavit at Crook's request. Respondent's Exhibit 179, pp. 22-24. It is noteworthy that at the time when Crooke allegedly signed the affidavit, petitioner and Crooke may have been incarcerated in the same institution. Id.

[2] Gandarela v. Johnson, 350 F.3d 956 (9th Cir. 2003).

3 - ORDER

petitioner exercised sufficient diligence in his factual development in state court because even if he could pass through the gateway of actual innocence, his constitutional claims are without merit. See Findings and Recommendation (#61), p. 13.

In his first ground for relief, petitioner alleges that trial counsel was deficient in many ways. Petitioner sought to represent himself in this case, and counsel remained on the case in an advisory capacity. Only after the State had presented its evidence did petitioner seek to reinstate his attorney for the purpose of questioning the defense witnesses. Petitioner then chose to represent himself during his closing argument. After a thorough review of the record, this court concludes that counsel did a competent job in a difficult situation, and his performance fully complied with the clearly established Supreme Court standards set forth in Strickland v. Washington, 466 U.S. 668, 686-687 (1984). See Wade v. Terhune, 202 F.3d 1190, 1195 (9th Cir. 2000) (federal courts may only grant habeas relief where a state court decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent). To the extent petitioner experienced any difficulties in his representation, those difficulties were the result of his informed decision to represent himself.

In Ground Three, petitioner claims he was deprived of a fair trial when the prosecutor improperly mentioned petitioner's failure to testify. Petitioner, himself, placed this issue before the court and the jury because he phrased his questions to the State's

4 - ORDER

witnesses in such a way as to make them testimonial. The prosecutor rightfully and repeatedly objected to the form of petitioner's "questions" and the trial court properly sustained those objections. Petitioner encountered this same problem during his closing argument. Any resulting discussion of petitioner's decision not to testify was therefore not improper because it necessarily arose out of petitioner's own actions.[3]

Finally, in Ground Four, petitioner claims he was deprived of the effective assistance of appellate counsel when counsel allowed the Oregon Court of Appeals to accept an invalid waiver. This claim does not pertain to the issue which is central to the Schlup analysis, *i.e.*, whether petitioner received a criminal trial free from non-harmless constitutional error. However, even assuming petitioner's ineffective assistance of appellate counsel claim is properly considered here, the court finds no evidence that petitioner, who had proceeded *pro se* previously and clearly expressed his desire to proceed *pro se* during his direct appeal,[4] did not knowingly, intelligently and unequivocally relinquished the benefit of counsel. See Faretta v. California, 422 U.S. 806, 835

---

[3] The trial judge noted that petitioner had "made some real blunders" and that these blunders were based on his "judgment, not [his] lack of experience or training." Judge Ellis went on to note that petitioner had "taken enormous french leave in the things [he] said over and over again, that had [he] been a lawyer, [he[ would have been probably found in contempt for. And possibly a mistrial granted." Trial Transcript, Vol. VI, p. 135.

[4] Respondent's Exhibit 110.

5 - ORDER

(1975) (setting forth clearly established Supreme Court principles regarding the waiver of one's right to counsel).

This court has exhaustively reviewed the record in this case, and finds that even if petitioner could overcome his procedural default, his claims are clearly without merit and would not entitle him to habeas corpus relief.

## **RECOMMENDATION**

For the reasons identified in the court's previous Findings and Recommendation (#61), as well as those identified above, the Petition for Writ of Habeas Corpus (#24) should be DENIED, and this proceeding should be DISMISSED, with prejudice.

## **SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS SO ORDERED.

DATED this   11th   day of August, 2005.

                                              /s/ John Jelderks
                                            John Jelderks
                                            United States Magistrate Judge