IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**STEVEN TERRY HILL,**                                          00-CV-598-JE

       **Plaintiff,**                                    OPINION AND ORDER

v.

**JEAN HILL,**

       **Defendant.**


**STEVEN TERRY HILL**
SID # 4760535
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR  97882-9419

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LYNN DAVID LARSEN**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Or  97310
(503) 378-6313

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Petitioner's Motion to Vacate Judgment (#131), Motion for Reconsideration of Order on Findings and Recommendation (#132), and Motion for Leave to File Untimely Reply (#144). For the reasons that follow, the Court **GRANTS** Petitioner's Motion for Leave to File Untimely Reply and **DENIES** Petitioner's Motion to Vacate Judgment and Motion for Reconsideration.

## BACKGROUND

Petitioner was charged with committing numerous sex and drug crimes involving Pete Crooke, who was 17 years of age at the time of the offenses. The charges stemmed from Petitioner giving Crooke marijuana and alcohol before engaging in sexual conduct with him.

Following a jury trial at which Petitioner represented himself, Petitioner was convicted of four counts of Sodomy in the First Degree and fifteen other counts arising from his sexual misconduct and furnishing of alcohol and marijuana to a minor. The trial court subsequently granted Petitioner's Motion for Judgment of Acquittal on one of the Sodomy counts and on the related charge of Contributing to the Delinquency of a Minor.

Petitioner filed an appeal in which he appeared *pro se* after an attorney filed the opening brief on his behalf. The Oregon

2 - OPINION AND ORDER

Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Hill*, 126 Or. App. 742 (1994), *rev. denied* 320 Or. 598 (1995).

Petitioner filed a *pro se* petition for post-conviction relief in state court. The trial court denied relief on all claims. The Oregon Court of Appeals affirmed the decision without opinion, and the Oregon Supreme Court denied review. *Hill v. Baldwin*, 161 Or. App. 128 (1999), *rev. denied* 330 Or. 363 (2000).

On May 2, 2000, Petitioner filed a federal habeas Petition *pro se* alleging he was denied effective assistance of counsel and his rights to due process. On October 9, 2002, Magistrate Judge Jelderks issued Findings and Recommendation in which he found Petitioner had procedurally defaulted on all of his grounds for relief and recommended denial of the Petition for Habeas Corpus.

On November 15, 2002, this Court, noting Petitioner had not filed any objections, adopted the Findings and Recommendation and dismissed this matter.

On January 13, 2004, Petitioner filed a Motion for Relief from Judgment. On February 3, 2004, the Court denied that Motion. On March 24, 2004, Petitioner filed a Motion for Relief from Order. The Court denied the Motion on April 14, 2004.

On May 6, 2004, Petitioner filed a Motion for Relief from Order alleging he timely filed objections to the Findings and

3 - OPINION AND ORDER

Recommendation by handing the documents to prison officials for mailing on October 21, 2002.  On June 23, 2004, the Court granted Petitioner's Motion for Relief from Order and directed the Clerk to reopen this action.

On December 13, 2004, Petitioner filed a Motion for Release on Bail citing delays in his habeas proceeding.  On April 21, 2005, the Court denied Petitioner's Motion for Release on the ground that Petitioner had not demonstrated either that his was an "'extraordinary case [] involving special circumstances'" or that he had a "'high probability of success.'"  *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001)(quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)).

On August 11, 2005, Magistrate Judge Jelderks issued a Supplemental Findings and Recommendation in which he found Petitioner had procedurally defaulted his claims and Petitioner's three remaining claims did not have any constitutional merit even if he could overcome the default with a claim of actual innocence.

Petitioner filed Objections to the Supplemental Findings and Recommendation.  On September 23, 2005, this Court adopted the Supplemental Findings and Recommendation.  On September 26, 2005, the Court entered a Judgment dismissing the case.

On October 26, 2005, Petitioner filed a Notice of Appeal. On November 29, 2005, the Court denied Petitioner's Certificate

4 - OPINION AND ORDER

of Appealability on the ground that "Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to [*sic*] U.S.C. § 2253(c)(2)" and "[t]his cause is not appropriate for appellate review."

On May 24, 2006, the Ninth Circuit denied Petitioner's Certificate of Appealability.

On June 20, 2006, Petitioner filed a Motion to Vacate Judgment and a Motion for Reconsideration of Order.  On July 31, 2006, Petitioner also filed a Motion for Leave to File Untimely Reply.

## DISCUSSION

**I.   Motion for Leave to File Untimely Reply**

Petitioner moves for leave to file an untimely reply on the ground that he gave his Reply to prison officials for mailing on July 20, 2006, which was before the deadline, but his reply did not reach the Court before the deadline expired.

Prisoner mail generally is deemed filed on the day it is placed with prison mailing authorities. *See In Houston v. Lack*, 487 U.S. 266, 275 (1988)(notice of appeal by a *pro se* prisoner is deemed filed when delivered to prison authorities for forwarding to the court).  *See also Faile v. UpJohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993)(holding in *Houston* subsequently has been applied to other pleadings filed by *pro se* prisoners).  Accordingly, the Court grants Petitioner's Motion for Leave to File Untimely

5 - OPINION AND ORDER

Reply.

## II. Motion for Reconsideration Under Rule 59(e)

Plaintiff moves for reconsideration of the Court' Order adopting Magistrate Judge Jelderks's Supplemental Findings and Recommendation pursuant to Federal Rule of Civil Procedure 59(e).[1]

"Under rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly-discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)(citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Petitioner has not shown any change in controlling law that affects his case, presented any new evidence, or presented new arguments to establish that the Court committed clear error or that its previous decision was manifestly unjust.  In addition, the Court concludes Plaintiff's case does not involve highly unusual circumstances warranting reconsideration of the Court's Order.

Accordingly, the Court denies Petitioner's Motion for Reconsideration.

---

[1] It is questionable whether Petitioner timely filed this Motion.  Because Petitioner is *pro se* and incarcerated, however, the Court considers his Motion.

6 - OPINION AND ORDER

**III. Motion to Vacate Judgment under Rule 60(b)**

Even if the Court reconsidered its Order adopting Magistrate Judge Jelderks's Findings and Recommendation, the Court would not alter its Order on the Judgment entered by the Court on September 26, 2005.

To support his Motion to Vacate the Judgment Petitioner relies on Federal Rule of Civil Procedure 60(b), which provides in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

    A.    **Petitioner's Motion Is a Successive Habeas Petition.**

28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United

7 - OPINION AND ORDER

>     States on a prior application for a writ of
>     habeas corpus, except as provided in section
>     2255.

Section 2255 provides:

>     A second or successive petition or motion
>     must be certified as provided in section 2244
>     by a panel of the appropriate court of
>     appeals to contain-
>
>     (1) newly discovered evidence that, if proven
>     and viewed in light of the evidence as a
>     whole, would be sufficient to establish by
>     clear and convincing evidence that no
>     reasonable factfinder would have found the
>     movant guilty of the offense; or
>
>     (2) a new rule of constitutional law, made
>     retroactive to cases on collateral review by
>     the Supreme Court, that was previously
>     unavailable.

Accordingly, under 28 U.S.C. §§ 2244(a) and 2255, the Court may not consider a successive § 2255 motion without first receiving authorization from the Court of Appeals for the Ninth Circuit.

"In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244, . . . the Rule 60(b) motion should be treated as a successive habeas petition." *Thompson v. Calderon*, 151 F.3d 918, 921 & n.3 (9th Cir. 1998). Congress has established mandatory, jurisdictional procedures that a petitioner must follow when appealing from a district court's denial of relief under § 2255. A petitioner cannot avoid these jurisdictional limitations by styling his motion under another name.

In *Gonzales v. Crosby* the Supreme Court examined the

8 - OPINION AND ORDER

question of when a court should construe a Rule 60(b) motion as a successive habeas petition:

> [A motion under rule 60(b)] can also be said to bring a [successive habeas claim] if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

125 S. Ct. 2641, 2648 (2005).[2]

Here this Court held Petitioner procedurally defaulted his three remaining grounds for habeas relief. The Court also held, however, Petitioner's asserted grounds failed to support a finding of a constitutional violation and, therefore, lacked merit. Both this Court and the Ninth Circuit found Petitioner did not have a sufficient constitutional basis for an appeal and denied his requests for Certificates of Appealability. Petitioner challenges the Court's rulings on both the procedural default and on the merits of Petitioner's claims.

The Court concludes Petitioner is, in part, challenging

---

[2] Although *Gonzales* concerned a successive petition of a state judgment under § 2244, the reasoning applies for both § 2255 and § 2254 petitions because the two statutes are functionally identical. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)(section 2244(b) requirements must be met for successive § 2255 motions).

9 - OPINION AND ORDER

"the federal court's previous resolution of a claim on the merits."  Accordingly, the Court construes the Motion to Vacate as a successive habeas petition that requires Petitioner to obtain authorization from the Ninth Circuit to proceed under § 2244(b)(3).

**B.  Petitioner's Motion Is Without Merit Even If It Is Not A Successive Petition.**

Petitioner seeks to vacate the judgment entered against him on the ground that he "timely delivered to the prison officials his Motion to Reconsider with its Memorandum of Law[,] . . . but the Court was denied that opportunity to reevaluate due to the deliberate confiscation/loss of his documents."

The Court, however, received Petitioner's Motion for Reconsideration and evaluated it on its merits.  Accordingly, Petitioner's ground for seeking to vacate the Judgment are without merit, and the Court denies Petitioner's Motion.

## CONCLUSION

For these reasons, the Court, the Court **GRANTS** Petitioner's Motion for Leave to File Untimely Reply (#144) and **DENIES** Petitioner's Motion to Vacate Judgment (#131) and Motion for

10 - OPINION AND ORDER

Reconsideration of Order on Findings and Recommendation (#132).

    IT IS SO ORDERED.

    DATED this 5th day of September, 2006.

    /s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER